IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELLEN GRIMMETT, on behalf of herself and other persons similarly situated<br>4620 West 130th Street<br>Cleveland, Ohio 44135<br><br>　　　　Plaintiff<br><br>　vs.<br><br>RYBAK & ASSOCIATES INC.<br>c/o Mayya Rybak, Statutory Agent<br>4474 Silsby Road<br>University Heights, Ohio 44118<br><br>　　　and<br><br>ALEKSANDER RYBAK<br>4474 Silsby Road<br>University Heights, Ohio 44118<br><br>　　　　Defendants | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Plaintiff Ellen Grimmett ("Plaintiff"), on behalf of herself and all other similarly situated employees of defendants Rybak & Associates Inc. ("RAI") and Aleksander Rybak ("Rybak") (collectively "Defendants"), alleges as follows:

## **PARTIES**

1. Plaintiff brings this action against Defendants to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

201 *et seq*. (the "FLSA"), the Ohio Minimum Fair Wage Standards Law, O.R.C. § 4111.01 *et seq.,* and to recover unpaid wages under Ohio Revised Code section 4113.15.

2. RAI is an Ohio for-profit corporation that does business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code § 4113.15.

3. Upon information and belief Rybak is the owner of RAI and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code § 4113.15.

4. Defendants directly employ drivers to provide local transportation services to its customers, including persons with disabilities.

5. Defendants' gross annual sales made or business done has been $500,000.00 or greater per year at all relevant times.

6. Defendants employed or employ Plaintiff and other similarly situated drivers.

7. Plaintiff currently resides in Cuyahoga County, Ohio and was at all relevant times employed by Defendants as a driver.

8. Plaintiff was an employee of Defendants as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1) and (g).

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as: (1) RAI is doing business in Cuyahoga County, Ohio and maintains an office located Cuyahoga County, Ohio; (2) Rybak also resides in and does business in Cuyahoga County, Ohio; and (3) the causes of action alleged herein all arise from Defendants' activities in Cuyahoga County, Ohio.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

12. RAI is a provider of local transportation services for primarily elderly and disabled persons.

13. Plaintiff and all similarly situated current and former non-exempt employees of Defendants are or were employed by Defendants as drivers, and seek to recover unpaid overtime compensation and other benefits of employment to which they are entitled under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or the "Act").

14. At all times relevant Defendants compensated Plaintiff and other similarly situated drivers for their work on an hourly basis.

15. For at least three years prior to filing this Complaint, Defendants have improperly denied overtime compensation to their drivers, thereby denying them compensation for hours worked in excess of 40 per work week.

16. Plaintiff and other similarly situated current and former non-exempt driver employees of Defendants at times worked more than 40 hours per week for which Defendants failed to pay them overtime in violation of the FLSA.

17. Defendants had a policy of not paying Plaintiff and other similarly situated drivers for the time it took to drive to their first customer pick-up on each route driven.

18. Plaintiff drove up to three routes each work day for which she was not paid for the time it took to drive to the first customer on each route.

19. Additionally, Plaintiff and other similarly situated drivers were expected to perform daily vehicle inspections, fill out daily vehicle inspection and maintenance logs, fill out mileage logs for their assigned vehicles, bring company vehicles assigned to them in for service and maintenance, and fill out daily time logs and bring them into the company's offices, all without additional compensation.

20. Defendants also required Plaintiff and other similarly situated drivers to be "on-call" for at least 16 hours per day, at least 5 days per week, for which they were not compensated.

21. Defendants failed to pay Plaintiff and other similarly situated drivers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA.

22. Defendants knew that Plaintiff and other similarly situated drivers performed work that required proper payment of overtime compensation.

23. Defendants knew that Plaintiff and other similarly situated drivers worked overtime hours without receiving proper overtime pay.

24. Defendants were aware of their unlawful payment practices, and willfully and recklessly chose to disregard the consequences of their actions.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

26. Plaintiff brings Count One below individually and on behalf of all individuals similarly situated, specifically:

> All drivers who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

27. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

28. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

29. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., which has caused significant damage to Plaintiff and the FLSA Collective.

30. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## COUNT ONE

### Violation of the Fair Labor Standards Act

31. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

32. At all times material to this action, RAI was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce as defined by §§ 203(b) and (s)(1) of the FLSA.

33. At all times relevant to this action, RAI was an "employer" of Plaintiff and those similarly situated as defined by § 203(d) of the FLSA.

34. At all times material to this action, Rybak was an "employer" of Plaintiff and those similarly situated as defined by § 203(d) of the FLSA.

35. At all times material to this action, Plaintiff and those similarly situated are and/or were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

36. The provisions set forth in § 207 of the FLSA apply to Defendants, Plaintiff and all similarly situated employees who were covered by § 207 of the FLSA while they were employed by Defendants.

37. At all times relevant to this action, Defendants employed Plaintiff and those similarly situated in hourly, non-supervisory non-exempt positions.

38. Defendants intentionally failed and/or refused to pay Plaintiff and other similarly situated employees according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

39. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendants have failed to pay their employees the amount of pay § 207 of the FLSA requires.

40. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. All employees and former employees who have been employed by Defendants as drivers who are and/or were performing non-supervisory

duties and being paid an hourly wage, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

41. Defendants have engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

42. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff as well as all others similarly situated have suffered damages by failing to receive the compensation to which they were entitled pursuant to § 207 of the FLSA.

43. In addition to the amount of unpaid wages and benefits owing to Plaintiff and all those similarly situated, they are also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). They are also entitled to prejudgment interest on their damages.

44. Defendants' actions in failing to compensate Plaintiff as well as other similarly situated employees and former employees in violation of the FLSA were willful, as evidenced by, but not limited to, the following: (1) prior to 2015, the Defendants' drivers were classified as employees and issued IRS W-2 tax forms; (2) in or around the beginning of 2015, Defendants consciously, deliberately and intentionally implemented policies designed to evade their responsibilities under the FLSA and state law whereby their drivers, including but not limited to the Plaintiff, were reclassified as independent contractors, and thereafter Defendants began issuing to their drivers IRS 1099 forms; (3) nothing changed in 2015, however, with respect to the Defendants' drivers' duties, responsibilities or working relationships with the Defendants, as evidenced by the facts that both prior to 2015 and continuing thereafter through the present time, the Defendants: (a) prescribed and dictated their drivers' work hours and schedules; (b) required

their drivers to pick up passengers/clients at specific times and places; (c) required their drivers to be on call for at least 16 hours per day, at least five days per week; and (d) owned all of the vehicles used by their drivers, paid for the insurance on all of the vehicles used by their drivers, paid for the gas in all the vehicles used by their drivers, and also paid for the maintenance of all of the vehicles used by their drivers.

45. Defendants did not make a good faith effort to comply with the FLSA.

46. Plaintiff and those similarly situated persons are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Ohio Minimum Fair Wage Standards Act

47. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff brings this claim to recover unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, § 4111.03 and § 4111.10.

49. The acts of which Plaintiff complains are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.03 and § 4111.10 of the Ohio Revised Code.

## COUNT THREE

### Violation of Ohio Revised Code § 4113.15

50. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

51. Ohio Revised Code § 4113.15 requires that all wages due and owing be paid by the employer within the time period specified therein.

52. Ohio Revised Code § 4113.15(B) makes an employer who fails to make wage payments for 30 days beyond the regularly scheduled pay day or, where no regularly scheduled pay day is applicable, for 60 days beyond the filing of a claim, liable for liquidated damages in an

amount equal to 6% of the amount of the wages still unpaid and in contest or disputed, or $200.00, whichever is greater.

53. Defendants did not pay Plaintiff for all the work she performed during her final pay period.

54. Defendants are liable to Plaintiff for all unpaid wages.

55. Defendants are additionally liable for liquidated damages.

## COUNT FOUR

### Class Action Violation

56. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

57. Plaintiffs seek to represent all past and present drivers who worked or still work for Defendants, who suffered lost wages and/or are owed compensation for non-overtime hours worked but for which they were not paid.

58. This class is too numerous that joinder of all members is impractical.

59. There are common questions of law and fact to members of this class, to wit: whether drivers were paid as required by state and federal law with respect to wages for all work they performed which were not in excess of forty hours in a work week.

60. The claims of Plaintiff are typical of the claims of the class.

61. Plaintiff is capable of fairly and adequately protecting the interests of the class.

62. Prosecuting separate actions by class members would create a risk of inconsistent or varying adjudications with respect to the individual class members and would establish incompatible standards and conduct for the Defendants.

63. Adjudication with respect to Plaintiff as a practical matter would be dispositive of the interest of other members of the class and would not in any manner substantially impair their ability to protect their interests.

64. In failing to pay Plaintiff and other members of the proposed class, the Defendants did so on grounds that apply generally to all members of the class, making final injunctive relief and corresponding declaratory relief appropriate with respect to the class as a whole.

65. Questions of law and fact are common to Plaintiff and proposed class members which predominate over any question affecting only individual members, such that a class action is superior to other available methods for fairly and adequately adjudicating this matter.

WHEREFORE, Plaintiff respectfully requests that judgment be rendered against the Defendants, jointly and severally, on all of the above claims, together with interest and costs, and for the following relief:

A. On Count One, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA:

1. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

2. At the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such Notice, to all Defendants' driver employees during the three years immediately preceding the filing of this suit, and to all other potential Plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime, but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b);

3. That all such Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

4. That all such Plaintiffs' reasonable attorneys' fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendants; and

    5.    For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

    B.    On Count Two:

    1.    That Plaintiff be awarded the amount of her respective unpaid compensation and benefits, and prejudgment interest, pursuant to the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code § 4111.03 and § 4111.10;

    2.    That Plaintiff's reasonable attorneys' fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendants, pursuant to the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code § 4111.03 and § 4111.10; and

    3.    For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

    C.    On Count Three:

    1.    That Plaintiff be paid all unpaid wages due and owing pursuant to Ohio Revised Code § 4113.15, et seq., together with liquidated damages, and attorneys' fees; and

    2.    For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

    D.    On Count Four:

    1.    That the Court certify this matter as a class action;

    2.    That the Class be awarded the amount of their respective unpaid compensation; and

    3.    For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
DAVID W. NEEL, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Office: (216) 522-0011
Fax:    (844) 548-3570
Email:  dwneel@neellaw.com

and

*/s/ James A. Marx*
James A. Marx (0038999)
SHAPERO & GREEN, LLC
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio   44122
Office: (216) 831-5100
Fax:    (216) 831-9467
Email:  *jmarx@shaperolaw.com*

*Attorneys for Plaintiff Ellen Grimmett*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action.

*/s/ David W. Neel*
David W. Neel (0033611)

*/s/ James A. Marx*
James A. Marx (0038999)

P:\Clients\Grimmett.Ellen\Complaint